1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA           )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND      )
20 PRODUCTS LIABILITY LITIGATION       )  CASE NO. 3:-07-cv-5885-CRB
   _____    )
21 *This document relates to*          )  **PFIZER INC., PHARMACIA**
                                       )  **CORPORATION, AND G.D.**
22 FLOYD ODOM,                         )  **SEARLE, LLC'S ANSWER TO**
                                       )  **COMPLAINT**
23         Plaintiff,                  )
                                       )  **JURY DEMAND ENDORSED**
24     vs.                             )  **HEREIN**
                                       )
25 PFIZER, INC., PHARMACIA CORPORATION,)
   G.D. SEARLE LLC, and MONSANTO       )
26 COMPANY,                            )
                                       )
27         Defendants.                 )
   _____    )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2. Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

---

[1] Plaintiff's Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®. Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 5, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

5.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party

2   in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3   Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

4   incorporated by reference into Defendants' responses to each and every paragraph of the

5   Complaint referring to Monsanto and/or Defendants.

6   6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

8   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

10  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

11  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  state that the potential effects of Bextra® were and are adequately described in its FDA-

15  approved prescribing information, which was at all times adequate and comported with

16  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18  7.      Defendants state that the allegations in this paragraph of the Complaint regarding

19  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

20  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

21  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  **Response to Allegations Regarding Jurisdiction and Venue**

23  8.      Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

25  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

26  Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

27  exclusive of interests and costs.

28  9.      Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding the judicial district in

2    which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

3    committing a tort in the State of Florida or the State of California and deny the remaining

4    allegations in this paragraph of the Complaint.

5    10.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA.  Defendants admit that they provided FDA-

12   approved prescribing information regarding Bextra®.  Defendants admit that they do business

13   in the State of California.  Defendants state that Plaintiff's allegations regarding "predecessors

14   in interest" are vague and ambiguous.  Defendants are without knowledge or information to

15   form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny

16   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17                   **Response to Allegations Regarding Interdistrict Assignment**

18   11.    Defendants state that this paragraph of the Complaint contains legal contentions to

19   which no response is required.  To the extent that a response is deemed required, Defendants

20   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

22   Panel on Multidistrict Litigation on September 6, 2005.

23                                **Response to Factual Allegations**

24   12.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

26   condition and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny

27   the remaining allegations this paragraph of the Complaint.

28   13.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

16.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

paragraph of the Complaint.

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

24.    Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

1    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

2    allegations in this paragraph of the Complaint.

3    27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

4    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

5    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

6    the remaining allegations in this paragraph of the Complaint.

7    28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

10   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

11   prescribing information.  Defendants state that the potential effects of Bextra® were and are

12   adequately described in its FDA-approved prescribing information, which at all times was

13   adequate and comported with applicable standards of care and law.  Defendants deny the

14   remaining allegations in this paragraph of the Complaint.

15   29.    Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which at all times was adequate and comported with applicable standards of care and law.

19   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

20   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

21   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

22   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

23   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

24   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

25   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

26   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:-07-cv-5585-CRB

1   the Complaint.

2   30.    Defendants state that the referenced article speaks for itself and respectfully refer the

3   Court to the article for its actual language and text.  Any attempt to characterize the article is

4   denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6   this paragraph of the Complaint.

7   31.    The allegations in this paragraph of the Complaint are not directed towards Defendants

8   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

9   state that the referenced article speaks for itself and respectfully refer the Court to the article for

10  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

11  the remaining allegations in this paragraph of the Complaint.

12  32.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

13  on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

14  16, 2001.    Defendants deny any wrongful conduct and the remaining allegations in this

15  paragraph of the Complaint.

16  33.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which at all times was adequate and comported with applicable standards of care and law.

20  Defendants deny the allegations in this paragraph of the Complaint.

21  34.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

22  respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

23  characterize the Talk Paper is denied.    Defendants deny the remaining allegations in this

24  paragraph of the Complaint.

25  35.    Defendants state that the referenced article speaks for itself and respectfully refer the

26  Court to the article for its actual language and text.  Any attempt to characterize the article is

27  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  36.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

2  sufficient information to confirm or deny such allegations and, therefore, deny the same.

3  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

4  the study for its actual language and text.  Any attempt to characterize the study is denied.

5  Defendants deny the remaining allegations in this paragraph of the Complaint.

6  37.     The allegations in this paragraph of the Complaint are not directed towards Defendants

7  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

8  state that the referenced article speaks for itself and respectfully refer the Court to the article for

9  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

10  the remaining allegations in this paragraph of the Complaint.

11  38.     The allegations in this paragraph of the Complaint are not directed towards Defendants

12  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

13  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

14  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

15  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

16  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

17  deny the remaining allegations in this paragraph of the Complaint.

18  39.     Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

20  deny the remaining allegations in this paragraph of the Complaint.

21  40.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

22  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

23  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  41.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

26  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

27  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    42.    Defendants state that Bextra® was and is safe and effective when used in accordance
2    with its FDA-approved prescribing information.    Defendants deny the allegations in this
3    paragraph of the Complaint.

4    43.    Defendants state that the referenced article speaks for itself and respectfully refer the
5    Court to the article for its actual language and text.    Any attempt to characterize the article is
6    denied.    Defendants deny any wrongful conduct and deny the remaining allegations in this
7    paragraph of the Complaint.

8    44.    The allegations in this paragraph of the Complaint are not directed towards Defendants
9    and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants
10   state that the referenced article speaks for itself and respectfully refer the Court to the article for
11   its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny
12   the remaining allegations in this paragraph of the Complaint.

13   45.    Defendants state that Bextra® was and is safe and effective when used in accordance
14   with its FDA-approved prescribing information.    Defendants state that the potential effects of
15   Bextra® were and are adequately described in its FDA-approved prescribing information,
16   which was at all times adequate and comported with applicable standards of care and law.
17   Defendants deny the allegations in this paragraph of the Complaint.

18   46.    Defendants state that Bextra® was and is safe and effective when used in accordance
19   with its FDA-approved prescribing information.    Defendants state that the potential effects of
20   Bextra® were and are adequately described in its FDA-approved prescribing information,
21   which was at all times adequate and comported with applicable standards of care and law.
22   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining
23   allegations in this paragraph of the Complaint.

24   47.    Defendants state that Bextra® was and is safe and effective when used in accordance
25   with its FDA-approved prescribing information.    Defendants state that the potential effects of
26   Bextra® were and are adequately described in its FDA-approved prescribing information,
27   which was at all times adequate and comported with applicable standards of care and law.
28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

the Complaint.

48.    Defendants deny the allegations in this paragraph of the Complaint.

49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

2  effective when used in accordance with its FDA-approved prescribing information. Defendants

3  state that the potential effects of Bextra® were and are adequately described in its FDA-

4  approved prescribing information, which was at all times adequate and comported with

5  applicable standards of care and law. Defendants deny the remaining allegations in this

6  paragraph of the Complaint.

7  54.    Defendants state that Bextra® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information. Defendants state that the potential effects of

9  Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which at all times was adequate and comported with applicable standards of care and law.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  55.    Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information. Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  56.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information. Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  57.    Defendants deny the allegations in this paragraph of the Complaint.

25  58.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

26  as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations

27  contained in this paragraph of the Complaint.

28  59.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

60.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

2  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

3  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

4  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

5  paragraph of the Complaint.

6  64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

8  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

10  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

11  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

13  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

14  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

15  primary dysmenorrhea.    Defendants deny any wrongful conduct and deny the remaining

16  allegations in this paragraph of the Complaint.

17  65.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants are without knowledge or information sufficient to form a belief as to the truth of

22  the allegations in this paragraph of the Complaint regarding and whether Plaintiff used

23  Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

24  Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the

25  remaining allegations in this paragraph of the Complaint.

26  66.    Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants are without knowledge or information sufficient to form a belief as to the truth of

3   the allegations in this paragraph of the Complaint regarding and whether Plaintiff used

4   Bextra®, and, therefore, deny the same.  Defendants state that Plaintiff's allegations regarding

5   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

6   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

7   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

8   caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

9   Complaint.

10                   **Response to First Cause of Action: Negligence**

11  67.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12  Complaint as if fully set forth herein.

13  68.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is deemed required.    To the extent a response is deemed required,

15  Defendants admit that they had duties as are imposed by law but deny having breached such

16  duties.  Defendants state that the potential effects of Bextra® were and are adequately described

17  in its FDA-approved prescribing information, which was at all times adequate and comported

18  with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  deny the remaining allegations in this paragraph of the Complaint.

21  69.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is deemed required.    To the extent a response is deemed required,

23  Defendants admit that they had duties as are imposed by law but deny having breached such

24  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

26  this paragraph of the Complaint.

27  70.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required.  To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

71.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    damage and deny the remaining allegations in this paragraph of the Complaint.

2    76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Second Cause of Action: Strict Liability**

5    77.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    78.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra®, and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach

10   consumers without substantial change in the condition from the time of sale.  Defendants admit

11   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

12   in the United States to be prescribed by healthcare providers who are by law authorized to

13   prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

14   certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

15   tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

16   healthcare providers who are by law authorized to prescribe drugs in accordance with their

17   approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used

18   in accordance with its FDA-approved prescribing information.  Defendants state that the

19   potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

20   information, which was at all times adequate and comported with applicable standards of care

21   and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   79.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny the allegations in this paragraph of the Complaint.

27   80.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

4  allegations in this paragraph of the Complaint.

5  81.    Defendants state that this paragraph of the Complaint contains legal contentions to

6  which no response is deemed required.    To the extent a response is deemed required,

7  Defendants state that Bextra® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.    Defendants state that the potential effects of Bextra®

9  were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.    Defendants deny

11  that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

12  of the Complaint, including all subparts.

13  82.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.    Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

18  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

19  Complaint.

20  83.    Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.    Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

25  allegations in this paragraph of the Complaint.

26  84.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Bextra®, and, therefore, deny the same.    Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

92.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Bextra® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants admit that they provided FDA-approved

6   prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

7   paragraph of the Complaint, including all subparts.

8   95.    Defendants deny the allegations in this paragraph of the Complaint.

9   96.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants admit that they provided FDA-approved prescribing information regarding

14  Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  97.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants admit that they provided FDA-approved prescribing information regarding

20  Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

21  the Complaint.

22  98.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

24  Bextra®, and, therefore, deny the same.  Defendants admit that they provided FDA-approved

25  prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

102.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the

3  Complaint.

4  107.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Bextra®, and, therefore, deny the same.  Defendants admit, as indicated in the package insert

7  approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

8  of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

9  dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  108.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

13  effective when used in accordance with its FDA-approved prescribing information.  Defendants

14  deny the remaining allegations in this paragraph of the Complaint.

15  109.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was expected to reach

18  consumers without substantial change in the condition from the time of sale.  Defendants deny

19  the remaining allegations in this paragraph of the Complaint.

20  110.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

25  Complaint.

26  111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28  112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damage, and deny the remaining allegations in this paragraph of the Complaint.

2  113.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3  damage, and deny the remaining allegations in this paragraph of the Complaint.

4  **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

5  114.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6  Complaint as if fully set forth herein.

7  115.   Defendants state that this paragraph of the Complaint contains legal contentions to

8  which no response is deemed required.   To the extent a response is deemed required,

9  Defendants admit that they had duties as are imposed by law but deny having breached such

10  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  116.   Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20  the Complaint, including all subparts.

21  117.   Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26  the Complaint.

27  118.   Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

4  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

5  119.    Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  120.    Defendants deny any wrongful conduct and deny the remaining allegations in this

12  paragraph of the Complaint.

13  121.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  122.    Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  123.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25  124.    Defendants deny any wrongful conduct and deny the remaining allegations in this

26  paragraph of the Complaint.

27  125.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

129.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

130.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

### Eighth Defense

2   8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

3   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

4   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

5   liable in any way.

6   ### Ninth Defense

7   9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

8   intervening causes for which Defendants cannot be liable.

9   ### Tenth Defense

10  10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

11  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

12  of God.

13  ### Eleventh Defense

14  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

15  ### Twelfth Defense

16  12.    A manufacturer has no duty to warn patients or the general public of any risk,

17  contraindication, or adverse effect associated with the use of a prescription medical product.

18  Rather, the law requires that all such warnings and appropriate information be given to the

19  prescribing physician and the medical profession, which act as a "learned intermediary" in

20  determining the use of the product.  Bextra® is a prescription medical product, available only

21  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

22  treating and prescribing physicians.

23  ### Thirteenth Defense

24  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

25  time it left the control of the manufacturer or seller.

26  ### Fourteenth Defense

27  14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

28  for its intended use and the warnings and instructions accompanying Bextra® at the time of the

1  occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

2  **Fifteenth Defense**

3  15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

4  Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

5  standard of care.

6  **Sixteenth Defense**

7  16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

8  Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

9  abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or

10 persons acting on its behalf after the product left the control of Defendants.

11 **Seventeenth Defense**

12 17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of

13 Defendants.

14 **Eighteenth Defense**

15 18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

16 conditions unrelated to Bextra®.

17 **Nineteenth Defense**

18 19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

19 doctrine of assumption of the risk bars or diminishes any recovery.

20 **Twentieth Defense**

21 20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

22 preempted in accordance with the Supremacy Clause of the United States Constitution and by

23 the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

24 **Twenty-first Defense**

25 21.    Plaintiff's claims are barred in whole or in part under the applicable state law because

26 the subject pharmaceutical product at issue was subject to and received pre-market approval by

27 the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-second Defense**

22. The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23. Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24. Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25. Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26. Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27. Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28. Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Florida, and the Constitution of the State of California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13    Constitutions of the States of Florida and California.  Any law, statute, or other authority

14    purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

15    and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

16    standards to guide and restrain the jury's discretion in determining whether to award punitive

17    damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

18    advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

19    punitive damages based on out-of-state conduct, conduct that complied with applicable law, or

20    conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

21    recovery of punitive damages in an amount that is not both reasonable and proportionate to the

22    amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

23    permits jury consideration of net worth or other financial information relating to Defendants;

24    (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

25    review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

26    appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

27    precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

28    (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

2  538 U.S. 408 (2003).

### Thirty-ninth Defense

4  39.  The methods, standards, and techniques utilized with respect to the manufacture, design,

5  and marketing of Bextra®, if any, used in this case, included adequate warnings and

6  instructions with respect to the product's use in the package insert and other literature, and

7  conformed to the generally recognized, reasonably available, and reliable state of the

8  knowledge at the time the product was marketed.

### Fortieth Defense

10  40.  The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12  the time of the sale.

### Forty-first Defense

14  41.  If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

15  and belief, such injuries and losses were caused by the actions of persons not having real or

16  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

17  no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19  42.  The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23  43.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

### Forty-fourth Defense

26  44.  Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  independent of or far removed from Defendants' conduct.

2  **Forty-fifth Defense**

3  45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4  did not proximately cause injuries or damages to Plaintiff.

5  **Forty-sixth Defense**

6  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

7  did not incur any ascertainable loss as a result of Defendants' conduct.

8  **Forty-seventh Defense**

9  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10  manufacturing, labeling, packaging, and any advertising of the product complied with the

11  applicable codes, standards and regulations established, adopted, promulgated or approved by

12  any applicable regulatory body, including but not limited to the United States, any state, and

13  any agency thereof.

14  **Forty-eighth Defense**

15  48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

16  product labeling contained the information that Plaintiff contends should have been provided.

17  **Forty-ninth Defense**

18  49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19  outweighed its risks.

20  **Fiftieth Defense**

21  50.    Plaintiff's damages, if any, are barred or limited by the payments received from

22  collateral sources.

23  **Fifty-first Defense**

24  51.    Defendants' liability, if any, can only be determined after the percentages of

25  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

26  any, are determined.    Defendants seek an adjudication of the percentage of fault of the

27  claimants and each and every other person whose fault could have contributed to the alleged

28  injuries and damages, if any, of Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-second Defense**

52.      Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.      Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.      Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.      Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.      Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.      Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

**Fifty-ninth Defense**

59.    Plaintiff's claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Sixtieth Defense**

60.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiff, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixty-first Defense**

61.    Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery.  Thus, Defendants are entitled to have their liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### Sixty-second Defense

62.    Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

### Sixty-third Defense

63.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

### Sixty-fourth Defense

64.    The acts or practices of which Plaintiff complains were and are required or specifically permitted by federal or state law.  Therefore, Plaintiff's FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

### Sixty-fifth Defense

65.    Plaintiff lacks standing because Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

### Sixty-sixth Defense

66.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which proximately caused Plaintiff's injuries and damages; and

2    6.    That Defendants have such other and further relief as the Court deems appropriate.

3

4    January 7, 2008                                    GORDON & REES LLP

5

6                                                       By: :_____/s/_____
                                                           Stuart M. Gordon
7                                                          sgordon@gordonrees.com
                                                           Embarcadero Center West
8                                                          275 Battery Street, 20th Floor
                                                           San Francisco, CA 94111
9                                                          Telephone:  (415) 986-5900
                                                           Fax:  (415) 986-8054
10

11   January 7, 2008                                    TUCKER ELLIS & WEST LLP
                                                       .
12

13                                                      By: :_____/s/_____
                                                           Michael C. Zellers
14                                                         michael.zellers@tuckerellis.com
                                                           515 South Flower Street, Suite 4200
15                                                         Los Angeles, CA  90071-2223
                                                           Telephone:  (213) 430-3400
16                                                         Fax:  (213) 430-3409

17                                                      Attorneys for Defendants
                                                       PFIZER INC., PHARMACIA
18                                                     CORPORATION, AND G.D. SEARLE
                                                       LLC

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

January 7, 2008                                    GORDON & REES LLP


                                                   By: :_____/s/_____
                                                        Stuart M. Gordon
                                                        sgordon@gordonrees.com
                                                        Embarcadero Center West
                                                        275 Battery Street, 20th Floor
                                                        San Francisco, CA  94111
                                                        Telephone:  (415) 986-5900
                                                        Fax:  (415) 986-8054

January 7, 2008                                    TUCKER ELLIS & WEST LLP


                                                   By: :_____/s/_____
                                                        Michael C. Zellers
                                                        michael.zellers@tuckerellis.com
                                                        515 South Flower Street, Suite 4200
                                                        Los Angeles, CA 90071-2223
                                                        Telephone:  (213) 430-3400
                                                        Fax:  (213) 430-3409

                                                        Attorneys for Defendants
                                                        PFIZER INC., PHARMACIA
                                                        CORPORATION, AND G.D. SEARLE
                                                        LLC